UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

BREATHABLEBABY LLC,                                   Case No. 12-CV-0094 (PJS/TNL)

      Plaintiff/Counterclaim
      Defendant,
                                                             ORDER
v.

CROWN CRAFTS, INC. and CROWN
CRAFTS INFANT PRODUCTS, INC.,

      Defendants/Counterclaimants.

---

      Douglas J. Williams, William Earl Manske, and Aaron A. Myers, BARNES & THORNBURG LLP; Erik G. Swenson, FULBRIGHT & JAWORSKI L.L.P., for plaintiff.

      Phillip S. McKinney, ROGERS & HARDIN LLP; Katherine A. Moerke and Ruth A. Rivard, LEONARD, STREET AND DEINARD P.A., for defendants.

Plaintiff BreathableBaby LLC ("BreathableBaby") brings this patent-infringement suit against defendants Crown Crafts, Inc. and Crown Crafts Infant Products, Inc. (collectively "Crown Crafts"), alleging that Crown Crafts' products infringe one or more claims of U.S. Patent No. 7,055,192 ("the '192 patent"), which BreathableBaby owns by assignment. *See* Comp. ¶¶ 33-36 [ECF No. 1]. This matter is before the Court on Crown Crafts' motion for summary judgment of non-infringement. *See* ECF No. 20.

In its summary-judgment memorandum, Crown Crafts argues that, despite having been served with the complaint and BreathableBaby's Claim Infringement Chart ("claim chart") — and despite asking BreathableBaby on several occasions to clarify its claims — Crown Crafts still has no idea which of its products are being accused of infringing which claims of the '192 patent. Having carefully reviewed the record, the Court agrees that BreathableBaby's allegations

to date have been woefully inadequate.  The Court can find no evidence — in the complaint, in BreathableBaby's claim chart, in the Rule 56(d) affidavit of BreathableBaby's counsel, in the correspondence between the parties, or in any other part of the record — that BreathableBaby has a plausible theory of infringement against Crown Crafts.

On March 21, 2012, Magistrate Judge Tony N. Leung issued a pretrial scheduling order that provided, in relevant part, as follows:

> Any party alleging infringement shall serve its Claim Chart to the party defending against infringement by April 1, 2012. . . .
>
> This Claim Chart shall identify: (1) which claim(s) of its patent(s) it alleges are being infringed; (2) *which specific products* or methods of defendant's it alleges literally infringe each claim; and (3) where *each element* of each claim listed in (1) is found in *each product* or method listed in (2), including the basis for *each contention* that the element is present.

*See* ECF No. 12 at 3 (emphasis added).  BreathableBaby's claim chart does not come close to complying with Judge Leung's order.

To begin with, BreathableBaby does not identify the "specific products" that it accuses of infringement.  Instead, BreathableBaby refers generally to the "Defendants' infringing products," which is clearly insufficient.  In fact, only one aspect of the claim chart even hints at *which* of Crown Crafts' "products" are being accused of infringement:  Under the column "Accused Product," BreathableBaby reproduces what is apparently a photograph of Crown Crafts' "prototype" crib liner — that is, the crib liner displayed by Crown Crafts at a trade show in September 2011.

In addition, the claim chart does not explain "where each element of each claim [that BreathableBaby believes is being infringed] is found in each product . . ., including the basis for each contention that the element is present." ECF No. 12 at 3.  To take just one example, the claim chart alleges that one or more of Crown Crafts' products infringe claim 1 of the '192 patent.  One of the elements of claim 1 is that "each of the first and second side panels comprises at least one fastening apparatus that extends along an entire edge of the side panel to attach the side panel to the top bar of a corresponding side rail."  ECF No. 1-1 at 33 ('192 patent, col. 17, ll. 14-18).  BreathableBaby makes no attempt to explain how this element is present in any of Crown Crafts' products.  To the contrary, the photograph of the accused product that BreathableBaby relies upon in its own claim chart plainly shows that the "fastening apparatuses" of the accused product are fabric ties that attach to the vertical slats of the side rail and to the corner posts.  Nothing depicted in the photograph remotely resembles a fastening apparatus that extends along an entire edge of a side panel and that attaches to the top bar of that panel.

In its summary-judgment memorandum, Crown Crafts argues — persuasively, on first glance — that none of its crib liners infringes any of the claims of the '192 patent.  Instead of responding to that argument, BreathableBaby, through its counsel, filed an affidavit under Rule 56(d), seeking to postpone a summary-judgment ruling.  Rule 56(d) authorizes a party opposing summary judgment to seek a continuance by filing an affidavit explaining why it "cannot present facts essential to justify its opposition . . . ."  But to invoke the rule's protection, "the party opposing summary judgment must file an affidavit . . . to show what *specific facts* further discovery might unveil," *Dulany v. Carnahan*, 132 F.3d 1234, 1238 (8th Cir. 1997)

(emphasis added), and "how discovery will provide rebuttal to the movant's claims," *Alexander v. Pathfinder, Inc.*, 189 F.3d 735, 744 (8th Cir. 1999).

Here, it appears that most of the discovery that BreathableBaby contends that it needs to oppose summary judgment has nothing to do with Crown Crafts' motion. For example, BreathableBaby argues that it needs information about whether Crown Crafts' products are "breathable" and documents that Crown Crafts submitted to government agencies regarding its products' safety. *See* ECF No. 31 at 3-4. But none of these "facts" that BreathableBaby seeks to discover is relevant to Crown Crafts' summary-judgment motion.

It also appears that BreathableBaby seeks further discovery to investigate whether Crown Crafts sells *other* products that may infringe the '192 patent. *See id.* at 3. But this puts the cart before the horse. Before BreathableBaby can proceed with discovery — before it can inflict tens or hundreds of thousands of dollars in litigation costs on Crown Crafts — it must give this Court some reason to believe that it has a plausible theory of infringement against at least one of Crown Crafts' products.

After all, BreathableBaby *sued* Crown Crafts. Its complaint was signed by Erik G. Swenson of Fulbright & Jaworski. By signing the complaint, Swenson certified that he had made an "inquiry reasonable under the circumstances" and that, based on his inquiry, he had formed a belief that BreathableBaby's allegations were "warranted by existing law" and had "evidentiary support." Fed. R. Civ. P. 11(b). BreathableBaby's claim chart and the comments made by its counsel at the May 15, 2012 hearing before Judge Leung make clear that BreathableBaby's complaint was intended to accuse Crown Crafts' prototype crib liner of infringing claim 1 of the '192 patent (as well as other claims). *See* ECF No. 34 at 18-19. The Court assumes, therefore,

that *before* filing this lawsuit, Swenson (or someone with whom he was working) examined both the accused prototype crib liner and the '192 patent with sufficient care to permit him to conclude that each element of claim 1 was met — to conclude, for example, that each of the side panels of the prototype crib liner has a "fastening apparatus that extends along an entire edge of the side panel to attach the side panel to the top bar of a corresponding side rail." ECF No. 1-1 at 33 ('192 patent, col. 17, ll. 15-18).

Given that BreathableBaby needed a reasonable basis for alleging that the prototype liner infringed claim 1 *before* it sued, BreathableBaby should not now need discovery in order to describe a plausible theory of infringement. And, indeed, BreathableBaby has now had an opportunity to fully inspect the prototype liner. BreathableBaby should not need discovery to point the Court to a part of the liner that could plausibly be considered a "fastening apparatus that extends along an entire edge of the side panel to attach the side panel to the top bar of a corresponding side rail." *Id.*

In light of the substantial deficiencies in BreathableBaby's claim chart and its Rule 56(d) affidavit, the Court is inclined to enter summary judgment against BreathableBaby. Before it does so, however, the Court will afford BreathableBaby one final opportunity to describe a plausible theory of infringement. Unless BreathableBaby can do so — that is, unless BreathableBaby can describe the type of theory that it was supposed to have developed *before* suing — the Court is not going to require Crown Crafts to incur significant defense costs in order to accommodate a fishing expedition by BreathableBaby.

If BreathableBaby wishes to pursue this lawsuit, then it must file an amended claim chart no later than July 20, 2012. That amended claim chart must fully comply with the pretrial

scheduling order.  Specifically, BreathableBaby must identify each and every product of Crown Crafts that allegedly infringes the '192 patent.  BreathableBaby must then, on a product-by-product basis, identify each and every claim that the product is accused of infringing.  Finally, with respect to each such claim, BreathableBaby must specifically describe "where each element of [the] claim . . . is found in each product . . ., including the basis for each contention that the element is present."  *See* ECF No. 12 at 3.  For example, if BreathableBaby continues to allege that the prototype liner infringes claim 1, then it should identify, inter alia, the basis for its contention that the prototype liner has "a first and second side panel, wherein each . . . panel[] is configured . . . to cover at least a substantial portion of a corresponding side rail with a mesh-type material," ECF No. 1-1 at 33 ('192 patent, col. 17, ll. 8-11), and the basis for its contention that the prototype liner has a "fastening apparatus that extends along an entire edge of the side panel to attach the side panel to the top bar of a corresponding side rail," *id.* at 33 ('192 patent, col. 17, ll. 15-18).  If BreathableBaby is unable to submit an amended claim chart consistent with this order — that is, if BreathableBaby is unable to describe a plausible case of infringement against Crown Crafts — then BreathableBaby should dismiss its lawsuit.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendants' motion for summary judgment [ECF No. 20] is HELD IN ABEYANCE.

2. If plaintiff wishes to pursue this lawsuit, plaintiff must serve defendants with an amended claim chart that fully complies with the pretrial scheduling order on or before July 20, 2012. In the amended claim chart:

   a. Plaintiff must specifically identify each and every product that it contends infringes the '192 patent.

   b. As to each such product, plaintiff must identify which claim or claims the product is accused of infringing.

   c. And as to each such claim, plaintiff must specifically and clearly describe, with respect to each and every element of the claim, how the accused product meets that element.

3. After reviewing the amended claim chart, the Court will decide how to proceed on defendants' summary-judgment motion and whether sanctions should be awarded against plaintiff.

4. All further proceedings in this case — including all discovery — are stayed pending further order of this Court.

Dated: June 22, 2012　　　　　　　　　　　　s/Patrick J. Schiltz
　　　　　　　　　　　　　　　　　　　　　　Patrick J. Schiltz
　　　　　　　　　　　　　　　　　　　　　　United States District Judge