**UNITED STATE DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| BreathableBaby, LLC, | File No. 12-cv-94 (PJS/TNL) |
| Plaintiff/Counter Defendant, | |
| v. | **ORDER OPINION** |
| Crown Crafts, Inc.; and<br>Crown Crafts Infant Products, Inc., | |
| Defendants/Counter Claimants. | |

Erik G. Swensen, **Fulbright & Jaworski, LLP**, 80 South Eighth Street, Suite 2100, Minneapolis, MN 55402; and

Ruth A. Rivard, **Stinson Leonard Street LLP**, 150 South Fifth Street, Suite 2300, Minneapolis, MN 55402, for Defendants.

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Plaintiff BreatheableBaby LLC's ("BreatheableBaby") Motion to Strike Defendants' Untimely and Improperly Disclosed Prior Art Statement and Non-Infringement Charts (ECF No. 125). The Court heard oral argument on August 5, 2014. (*See* ECF No. 134.) Erik Swenson argued on behalf of BreatheableBaby, and Ruth Rivard argued on behalf of Defendants ("Crown Crafts"). For the reasons set forth herein, Plaintiff's Motion (ECF No. 125) was **GRANTED**.

   I.   BACKGROUND

BreathableBaby commenced this lawsuit on January 11, 2012, alleging that Crown Crafts willfully infringed BreathableBaby's patented "Crib Shield System and Other

1

Breathable Apparatus," U.S. Patent No. 7,055,192 by making, offering to sell, and selling infringed products within the United States and importing them into the United States. (ECF No. 1 (Compl.) at ¶¶ 32-38.) Crown Crafts denied infringement and filed counterclaims for declaratory judgment of non-infringement and invalidity. (ECF No. 2.)

On March 15, 2012, this Court entered a pretrial scheduling order setting forth the case management schedule. (ECF No. 12.) As is standard in patent cases, the order provided deadlines by which the parties were to provide each other claims charts (April 1, 2012 for BreatheableBaby and May 1, 2012 for Crown Crafts) and Prior Art Statements (July 1, 2012 for Crown Crafts and August 1, 2012 for BreathableBaby). (ECF No. 12 at 4-5.) This schedule also required the parties to notify the Court whether a *Markman* hearing would be necessary after they had exchanged and met and conferred over their claims charts and Prior Art Statements. (*Id.* at 4.)

This Court held a scheduling conference following disposition of Crown Crafts' ultimately unsuccessful early motion for summary judgment. (*See* ECF No. 50.) On August 17, 2012, this Court issued an Amended Pretrial Scheduling Order. (ECF No. 51.) The Amended Pretrial Scheduling Order reset, among other things, the deadlines for Prior Art Statements (October 1, 2012 for Crown Crafts and November 1, 2012 for BreatheableBaby). (ECF No 51 at 5.) The deadlines for claims charts—which had already passed—remained unchanged. (*Id.*)

On October 15, 2012, the parties informed the Court that there was no claim construction upon which they could agree and a *Markman* hearing would be necessary. (ECF No. 52.) On January 31, 2013, the Court scheduled the *Markman* hearing for May

2

15, 2013, and set the following briefing schedule: both parties were to file simultaneous opening briefs no later than April 1, 2013, and simultaneous response briefs no later than April 22, 2013. (ECF No. 55.)

Fact discovery closed on February 1, 2013, and BreatheableBaby timely filed a motion to compel discovery on February 15, 2013. (ECF No. 56.) This Court heard oral arguments on March 1, 2013, and the parties filed supplemental exhibits as late as March 6, 2013. (*See* ECF Nos. 66-68.) The parties fully briefed the issue of claims construction as ordered by the Court, and the Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota, heard oral arguments on May 1, 2013. (*See* ECF No. 87 (Transcript of *Markman* Hr'g).)

On May 31, 2013, this Court granted in part and denied in part BreatheableBaby's motion to compel. (ECF No. 89.) On August 6, 2013, this Court temporarily stayed the discovery ordered by its May 31, 2013 Order out of a "concern[] that the costs of discovery and litigation [were] quickly surpassing the amount in controversy." (ECF No. 107 at 1.) The Court ordered the parties to contact chambers shortly after Judge Schiltz's *Markman* order was filed to schedule a settlement conference. (*Id.* at 2.)

The *Markman* order issued on September 17, 2013. (ECF No. 108.) With the playing field now set for the litigation moving forward to dispositive motion practice and trial, the Court scheduled a settlement conference with the parties on November 21, 2013. (ECF No. 111.) Unbeknownst to the Court, Crown Crafts served BreatheableBaby with an Amended Prior Arts Statement and an Amended Non-Infringement Chart on October 23, 2013.

The parties did not settle the matter at the November 21 settlement conference, but the Court required the parties to continue the meet-and-confer process and inform the court via confidential letter of the status of settlement discussions on or before December 18, 2013. (ECF No. 113.) After further status updates, the Court sent the parties to private mediation. (ECF No. 117.) Private mediation was ultimately unsuccessful, and the Court issued a Third Amended Pretrial Scheduling Order on June 4, 2014 that, *inter alia*, lifted the stay on the court-ordered discovery. (ECF No. 121.)

BreatheableBaby filed the instant motion on July 2, 2014, seeking to strike the Prior Art Statement and Non-Infringement Chart that Crown Crafts served in October 2013 (hereinafter, "Challenged Prior Art Statement" and "Challenged Non-Infringement Claims Charts"). (ECF No. 125.) The Court heard oral argument on August 5, 2014.

## II.   ANALYSIS

### A. Legal Standard

Rule 1 provides that courts shall construe the Federal Rules "to secure the just, speedy, and inexpensive determination of every action." Courts are widely recognized to have the inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Gold's Gym Licensing, LLC v. K-Pro Marketing Group, Inc.*, Civ. No. 09-1211 (PJS/RLE), 2010 WL 391310, at *2 (D. Minn. Jan. 26, 2010) (quoting *Flaksa v. Little River Marine Constr. Co.*, 389 F.2d 885, 887 (5th Cir. 1968)). The Federal Rules allow this Court "to issue any just orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). When courts require claim charts early in the litigation, they do so in order to "make the

parties more efficient, to streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims." *InterTrust Techs. Corp. v. Microsoft Corp.*, Civ. No. 01-1640, 2003 WL 23120174, at *2 (N.D. Cal. Nov. 26, 2003). "[W]hen parties formulate, test, and crystallize their infringement theories before stating their preliminary infringement contentions . . . the case takes a clear path, focusing discovery on building precise final infringement or invalidity contentions and narrowing issues for . . . summary judgment, trial, and beyond." *Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 527 (E.D. Tex. 2005).

Requiring parties to identify and commit to theories of liability early serves to focus discovery and to advance the efficient disposition of the case.

> The nature of a patent infringement claim or invalidity defense encourages strategies to delay producing information through discovery or otherwise until the opposing side has disclosed the basis for its claims, contributing to lengthy delays and high costs. One approach is for the court to require the parties to submit detailed statements of their claims and defenses early in the litigation either at the outset of the case, as part of a discovery scheduling order, or, where the accused product is unavailable or otherwise not subject to examination, following limited discovery.

26 Fed. Proc., L. Ed. § 60:1156 Pretrial Conferences and Orders. "Unlike the liberal policy for amending pleadings, the philosophy behind amending claim charts . . . is decidedly conservative and designed to prevent the 'shifting sands' approach to claim construction." *Genentech, Inc. v. Amgen, Inc.*, 289 F.3d 761, 774 (Fed. Cir. 2002) (quoting *Amtel*, 1998 WL 775115, at *2).

## B. Challenged Non-Infringement Claims Charts

Crown Crafts first argues that it did not require leave of the Court to amend its non-infringement claim charts under any Federal Rule, Local Rule, or Court order. This argument holds no water. Claim charts are "tools meant to lock-in parties' respective infringement positions and, based on the notice provided by the charts, focus subsequent discovery efforts." *Bombardier Recreational Prods., Inc. v. Arctic Cat, Inc.*, Civ. No. 12-cv-2706, 2014 WL 2945877, slip op. at *6 (D. Minn. Apr. 28, 2014). If parties could amend their non-infringement charts at any point during litigation, as Crown Crafts' argument presumes, courts would be unable to prevent the parties from usurping the overarching purpose of requiring early disclosure of these charts as stated above. Such an interpretation does not help secure the "just, speedy, and inexpensive" determination of the action, Fed. R. Civ. P. 1, and subverts the stated purpose of requiring early disclosure of claims charts.

Crown Crafts also argues that Judge Schiltz's *Markman* order setting forth the claim construction that the court will employ constitutes good cause to amend its non-infringement claims charts. BreatheableBaby counters that it will be unduly prejudiced if Crown Crafts can rely on the Challenged Non-Infringement Claim Charts because (1) it relied on Crown Crafts' earlier Non-Infringement Claims Charts when conducting discovery, and (2) the Challenged Non-Infringement Charts add new claims-construction positions that would require examination by the Court.

Good cause does not automatically exist to amend non-infringement charts whenever a judge's decision does not adopt a party's hoped for claim-construction

6

positions. If that were the case, parties could constantly amend their non-infringement charts after a *Markman* hearing, which could necessitate another *Markman* hearing based on the parties' new positions, and the cycle would begin again. Specifically, Crown Crafts asserts that they could not have anticipated Judge Schiltz's interpretation of "substantially formed" and "formed substantially." In the *Markman* order, however, Judge Schiltz determined that "substantially formed" and "formed substantially" "carry their ordinary meaning when the terms are left undefined, as they are in claim 9." (Ord. at 13, Sept. 17, 2013, ECF No. 108 (hereinafter, "*Markman* Order").) This Court does not see how giving undefined terms "their ordinary meaning" can be an unexpected result of a *Markman* hearing, especially where the position adopted by the judge is very similar to that advanced by the opposing party. (*Compare Markman* Order at 11-13 *with* Pl.'s Opening Claim Construction Br. at 16-19, ECF No. 76.)

     This case has progressed too far for this Court to permit the parties to rely on an amended filing that might further increase either the cost or scope of litigation. If Crown Crafts were allowed to rely on the Challenged Non-Infringement Claims Charts, fairness would require this Court to allow BreatheableBaby more time to amend their expert reports and possibly conduct additional discovery. Moreover, if the history of this contentious litigation is any predictor of the future, any additional expert supplementation or discovery would in all likelihood result in a flurry of motion practice, delay, and additional expense. The result would be to protract this litigation still further, rather than to streamline it.

Crown Crafts' argument that BreatheableBaby was dilatory in not seeking discovery ignores the fact that this Court stayed discovery before Crown Crafts served Challenged Non-Infringement Charts, and when it lifted the stay in June of this year, it did so for the limited purpose of allowing very discrete, specifically identified discovery. (*See* Third Amended Pretrial Scheduling Order, ECF No. 121, at 2-3.) The idea that BreatheableBaby was free to obtain whatever discovery it wanted after receiving the challenged non-infringement chart has no footing. Allowing Crown Crafts to rely on the Challenged Non-Infringement Charts would work directly against the Federal Rules' stated goal of providing the "just, speedy, and inexpensive determination" of the action. Fed. R. Civ. P. 1.

This Court has cautioned the parties in this case on several occasions and in no uncertain terms that the amount being spent on litigating this dispute is grossly disproportionate to the amount at controversy. For the foregoing reasons and in light of the conservative policy regarding the amendment of claim charts, the Court will grant BreatheableBaby's motion to strike the Challenged Non-Infringement Claims Charts.

### C.  Challenged Prior Art Statement

With respect to the Challenged Prior Art Statement, Crown Crafts argues that the Pretrial Scheduling Order limits its ability to amend its Prior Art Statement only to the extent that its amendment would add new prior art, i.e., prior art that was not included in an earlier prior art statement. This argument, however, is at odds with the purpose of requiring early disclosure of prior arts statements. The Challenged Prior Art Statement does not "add prior art" in that it does not use previously undisclosed prior art to argue

8

that the patent-in-suit is invalid. The Challenged Prior Art Statement does, however, use previously identified prior art to assert a new statutory invalidity theory and new prior art combinations that were not included in its earlier Prior Art Statement. Accordingly, the Court will look at the following factors: (1) whether the prior art could not reasonably have been located earlier; (2) whether the prior art is merely cumulative; and (3) whether and to what extent each party would be prejudiced if the challenged prior art statement were allowed. *See 3M Innovative Props. Co. v. Tomar Elecs., Inc.*, Civ. No. 07-756 (RHK/AJB), slip op. at 2 (D. Minn. Nov. 2, 2006).

The first two factors weigh decidedly against Crown Crafts. All of the art in the challenged prior art statement is included in Crown Crafts' earlier prior art statement. As such, the prior art could reasonably have been located earlier and its addition in the Challenged Prior Art Statement is cumulative. Crown Crafts' argument that it will be prejudiced if it is not allowed to use the Challenged Prior Art Statement is unpersuasive. BreatheableBaby, on the other hand, conducted discovery based on Crown Crafts' earlier Prior Art Statement. If this Court allowed Crown Crafts to rely on the Challenged Prior Art Statement, fairness could very easily dictate that BreatheableBaby be given more time to amend its expert reports in light of Crown Crafts' new theories and possibly even result in more discovery.

Crown Crafts has not demonstrated (1) that it could not have reasonably located the newly added information in the Challenged Prior Art Statement; (2) that the amendments to its prior art statement are non-cumulative; and (3) that BreatheableBaby is not prejudiced by the late disclosure of the Challenged Prior Art Statement or that

9

Crown Crafts would be prejudiced if the Challenged Prior Art Statement were not allowed. The Court has not only the power but the obligation to attempt to secure the just, speedy, and less expensive determination of every action on its docket. *See* Fed. R. Civ. P. 1. For the reasons set forth above, the Court will grant BreatheableBaby's motion to strike the Challenged Prior Art Statement.

### III. CONCLUSION

Based upon the foregoing and the records, memoranda, and oral arguments of counsel, and for the reasons set forth on the record which are expressly incorporated by reference, **IT IS HEREBY ORDERED** that:

1. BreatheableBaby's Motion to Strike (ECF No. 125) is **GRANTED**;

2. Each party shall bear its own costs and expenses in connection with this Motion;

3. All prior consistent orders remain in full force and effect; and

[CONTINUED ON NEXT PAGE]

4. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel, and/or the party such counsel represents to any and all appropriate remedies, sanctions, and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Dated: August 12, 2014

s/ Tony N. Leung
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*BreathableBaby, LLC v. Crown Crafts, Inc., et al.*
File No. 12-cv-94 (PJS/TNL)